# OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
## OFFICE OF CIVIL RIGHTS

## NOTICE OF RIGHT TO FILE A CIVIL ACTION

| | |
|---|---|
| **TO: MARY SHUMATE, CHARGING PARTY**<br>**STRELKA EMPLOYMENT LAW**<br>**C/O THOMAS E. STRELKA, ESQ.**<br>**119 NORFOLK AVENUE, SW**<br>**ROANOKE, VA 24011**<br><br>☐ ON BEHALF OF AGGRIEVED PERSON WHOSE IDENTITY IS CONFIDENTIAL IN ACCORDANCE WITH 1 VA. ADMIN. CODE § 45-20-30 | **FROM:** Office of the Attorney General<br>Office of Civil Rights<br>202 N. 9th Street<br>Richmond, VA 23219<br>Phone: 804.225.2292 |
| **CHARGE NUMBER(S):**<br><br>OCR No: 22-N0121<br><br>EEOC No: 438-2022-01532 | **OCR Representative:**<br>Name: Timothy Wilson<br>Telephone: 804.225.2292 |

### Notice to the Person Aggrieved:

In accordance with the Virginia Human Rights Act (VHRA), this is your Notice of Right to File a Civil Action (Notice) issued for the above-numbered charge and in accordance with Va. Code § 2.2-3907. Pursuant to 1 VAC 45-20-98(C), your lawsuit under the VHRA **must be filed in a state court WITHIN 90 DAYS OF YOUR RECEIPT OF THIS NOTICE** or your right to sue based on this charge in state court will be lost.

*For additional information regarding your rights, please see the back side of this page.*

If your complaint involves employment discrimination and was dual filed by the Office with the U.S. Equal Employment Opportunity Commission (EEOC), the Office will notify the EEOC of the issuance of this Notice. (For <u>any</u> complaints involving federal law claims, the time limit for filing a suit in federal court will be based on federal law and, therefore, may be different.)

☐ More than 180 days have passed since the filing of this complaint.

☐ Less than 180 days have passed since the filing of this complaint, but the Office has determined that it is unlikely that it will be able to complete its administrative processing of the complaint within 180 days from the day the complaint was filed.

☒ The Charging Party has requested this Notice.

☐ The Office is ceasing its processing of this complaint.

☐ The Office will continue to process this complaint.

*If you file a lawsuit based on this complaint, please send us a copy of your court complaint.*

| | |
|---|---|
| **Issued on behalf of the Office of Civil Rights by:**<br><br>**Christine Lambrou Johnson, Chief** | **Date Issued: 03/10/2023** |

cc: City of Lynchburg/Lynchburg Fire Department
Petty Livingston Dawson & Richards, PC
c/o John Falcone, Esq.
925 Main St., Ste. 300
Lynchburg, VA 24504

OCR-Notice 09-16-2022

# OFFICE OF THE ATTORNEY GENERAL OF VIRGINIA
## OFFICE OF CIVIL RIGHTS

## Information Related to Filing Suit Under the Laws Enforced

## by the Office of the Attorney General - Office of Civil Rights

This information relates to filing a lawsuit in state court under Virginia law. If you also plan to sue claiming violations of federal law, please be aware that time limits may be shorter and other provisions of federal law may be different than those described below. *If this charge was dual filed with the U.S. Equal Employment Opportunity Commission (EEOC), the EEOC will issue its separate Notice of Right to Sue to the Charging Party for the relevant federal law claims upon receiving notification of the Office's dismissal of this charge pursuant to its issuance of this Notice.*

### PRIVATE SUIT RIGHTS – VIRGINIA HUMAN RIGHTS ACT, VA. CODE § 2.2-3900 et. seq.

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days of the date you receive this Notice**. Therefore, **you should keep a record of the date you receive this Notice**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope or record of receipt, and tell your attorney the date on which you received this Notice.

Your lawsuit may be filed in the appropriate Virginia general district or circuit court or, if federal law claims are involved, in the U.S. District Court of competent jurisdiction. Whether you file in a Virginia or federal court is a matter for you to decide or in consultation with your attorney, if you have one. If you elect to file your lawsuit in federal court, you should make sure to share your Notice of Right to Sue from the EEOC with your attorney as well as this Notice, as different time limits may apply. Your lawsuit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.

### ATTORNEY REFERRAL AND ASSISTANCE

If you need assistance finding an attorney or have any questions about your legal rights, you may wish to contact the Virginia Lawyer Referral Service by telephone at (800) 552-7977 or by email at lawyerreferral@vsb.org, or a local legal aid service. If you need a copy of the information in this Office's file regarding your complaint, please request it promptly in writing and provide your OCR case number as shown on your Notice. Although the Office destroys case files after a certain time, all investigative files are kept for at least one year after our last action on the case. Therefore, if you file a lawsuit and want to obtain a copy of the investigative file, **please submit your written request within one year of this Notice**.

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

OCR-Notice 09-16-2022

Code of Virginia
Title 2.2. Administration of Government
Chapter 39. Virginia Human Rights Act

# Chapter 39. Virginia Human Rights Act.

## § 2.2-3900. Short title; declaration of policy.

A. This chapter shall be known and cited as the Virginia Human Rights Act.

B. It is the policy of the Commonwealth to:

1. Safeguard all individuals within the Commonwealth from unlawful discrimination because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, sexual orientation, gender identity, military status, or disability in places of public accommodation, including educational institutions and in real estate transactions;

2. Safeguard all individuals within the Commonwealth from unlawful discrimination in employment because of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, marital status, sexual orientation, gender identity, disability, or military status;

3. Preserve the public safety, health, and general welfare;

4. Further the interests, rights, and privileges of individuals within the Commonwealth; and

5. Protect citizens of the Commonwealth against unfounded charges of unlawful discrimination.

1987, c. 581, §§ 2.1-714, 2.1-715; 1997, c. 404; 2001, c. 844; 2020, cc. 1137, 1140; 2021, Sp. Sess. I, cc. 477, 478.

## § 2.2-3901. Definitions.

A. The terms "because of sex or gender" or "on the basis of sex or gender" or terms of similar import when used in reference to discrimination in the Code and acts of the General Assembly include because of or on the basis of pregnancy, childbirth, or related medical conditions, including lactation. Women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all purposes as persons not so affected but similar in their abilities or disabilities.

B. The term "gender identity," when used in reference to discrimination in the Code and acts of the General Assembly, means the gender-related identity, appearance, or other gender-related characteristics of an individual, with or without regard to the individual's designated sex at birth.

C. The term "sexual orientation," when used in reference to discrimination in the Code and acts of the General Assembly, means a person's actual or perceived heterosexuality, bisexuality, or homosexuality.

D. The terms "because of race" or "on the basis of race" or terms of similar import when used in reference to discrimination in the Code and acts of the General Assembly include because of or on the basis of traits historically associated with race, including hair texture, hair type, and protective hairstyles such as braids, locks, and twists.

E. As used in this chapter, unless the context requires a different meaning:

"Lactation" means a condition that may result in the feeding of a child directly from the breast or the expressing of milk from the breast.

"Military status" means status as (i) a member of the uniformed forces, as defined in 10 U.S.C. § 101(a)(5), of the United States or a reserve component thereof named under 10 U.S.C. § 10101, (ii) a veteran as defined in 38 U.S.C. § 101(2), or (iii) a dependent as defined in 50 U.S.C. § 3911(4) except that the support provided by the service member to the individual shall have been provided 180 days immediately preceding an alleged action that if proven true would constitute unlawful discrimination under this section instead of 180 days immediately preceding an application for relief under 50 U.S.C. Chapter 50.

1987, c. 581, § 2.1-716; 1991, c. 457; 1997, c. 404; 2001, c. 844; 2005, c. 839; 2020, cc. 107, 152, 1137, 1138, 1139, 1140; 2021, Sp. Sess. I, cc. 477, 478.

## § 2.2-3902. Construction of chapter; other programs to aid persons with disabilities, minors, and the elderly.

The provisions of this chapter shall be construed liberally for the accomplishment of its policies.

Conduct that violates any Virginia or federal statute or regulation governing discrimination on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or national origin is an unlawful discriminatory practice under this chapter.

Nothing in this chapter shall prohibit or alter any program, service, facility, school, or privilege that is afforded, oriented, or restricted to a person because of disability or age from continuing to habilitate, rehabilitate, or accommodate that person.

In addition, nothing in this chapter shall be construed to affect any governmental program, law or activity differentiating between persons on the basis of age over the age of 18 years (i) where the differentiation is reasonably necessary to normal operation or th activity is based upon reasonable factors other than age or (ii) where the program, law or activity constitutes a legitimate exercise of powers of the Commonwealth for the general health, safety and welfare of the population at large.

Complaints filed with the Office of Civil Rights of the Department of Law (the Office) in accordance with § 2.2-520 alleging unlawful discriminatory practice under a Virginia statute that is enforced by a Virginia agency shall be referred to that agency. Th Office may investigate complaints alleging an unlawful discriminatory practice under a federal statute or regulation and attempt to resolve it through conciliation. Unsolved complaints shall thereafter be referred to the federal agency with jurisdiction over the complaint. Upon such referral, the Office shall have no further jurisdiction over the complaint. The Office shall have no jurisdiction over any complaint filed under a local ordinance adopted pursuant to § 15.2-965.

1987, c. 581, § 2.1-717; 1991, c. 457; 1997, c. 404; 2000, c. 933; 2001, c. 844; 2012, cc. 803, 835; 2020, cc. 1137, 1140; 2021, Sp. Sess I, cc. 12, 196, 477, 478.

### § 2.2-3903. Repealed.
Repealed by Acts 2020, c. 1140, cl. 2.

### § 2.2-3904. Nondiscrimination in places of public accommodation; definitions.
A. As used in this section:

"Age" means being an individual who is at least 18 years of age.

"Place of public accommodation" means all places or businesses offering or holding out to the general public goods, services, privileges, facilities, advantages, or accommodations.

B. It is an unlawful discriminatory practice for any person, including the owner, lessee, proprietor, manager, superintendent, agent, or employee of any place of public accommodation, to refuse, withhold from, or deny any individual, or to attempt to refuse, withhold from, or deny any individual, directly or indirectly, any of the accommodations, advantages, facilities, services, c privileges made available in any place of public accommodation, or to segregate or discriminate against any such person in the us thereof, or to publish, circulate, issue, display, post, or mail, either directly or indirectly, any communication, notice, or advertisement to the effect that any of the accommodations, advantages, facilities, privileges, or services of any such place shall be refused, withheld from, or denied to any individual on the basis of race, color, religion, national origin, sex, pregnancy, childbirth or related medical conditions, age, sexual orientation, gender identity, marital status, disability, or military status.

C. The provisions of this section shall not apply to a private club, a place of accommodation owned by or operated on behalf of a religious corporation, association, or society that is not in fact open to the public, or any other establishment that is not in fact open to the public.

D. The provisions of this section shall not prohibit (i) discrimination against individuals who are less than 18 years of age or (ii) the provision of special benefits, incentives, discounts, or promotions by public or private programs to assist persons who are 50 years of age or older.

E. The provisions of this section shall not supersede or interfere with any state law or local ordinance that prohibits a person under the age of 21 from entering a place of public accommodation.

2020, c. 1140; 2021, Sp. Sess. I, cc. 477, 478.

### § 2.2-3905. Nondiscrimination in employment; definitions; exceptions.
A. As used in this section:

"Age" means being an individual who is at least 40 years of age.

"Domestic worker" means an individual who is compensated directly or indirectly for the performance of services of a household nature performed in or about a private home, including services performed by individuals such as companions, babysitters, cooks, waiters, butlers, valets, maids, housekeepers, nannies, nurses, janitors, laundresses, caretakers, handymen, gardeners, home health aides, personal care aides, and chauffeurs of automobiles for family use. "Domestic worker" does not include (i) a family member, friend, or neighbor of a child, or a parent of a child, who provides child care in the child's home; (ii) any child day program as defined in § 22.1-289.02 or an individual who is an employee of a child day program; or (iii) any employee employed on a casual basis in domestic service employment to provide companionship services for individuals who, because of age or infirmity are unable to care for themselves.

"Employee" means an individual employed by an employer.

"Employer" means a person employing (i) 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year, and any agent of such a person or (ii) one or more domestic workers. However, (a) for purposes of unlawful discharge under subdivision B 1 on the basis of race, color, religion, national origin, military status, sex, sexual orientation, gender identity, marital status, disability, pregnancy, or childbirth or related medical conditions including lactation, "employer" means any person employing more than five persons or one or more domestic workers and (b) for purposes of unlawful discharge under subdivision B 1 on the basis of age, "employer" means any employer employing more than five but fewer than 20 persons.

"Employment agency" means any person, or an agent of such person, regularly undertaking with or without compensation to procure employees for an employer or to procure for employees opportunities to work for an employer.

"Joint apprenticeship committee" means the same as that term is defined in § 40.1-120.

"Labor organization" means an organization engaged in an industry, or an agent of such organization, that exists for the purpose, in whole or in part, of dealing with employers on behalf of employees concerning grievances, labor disputes, wages, rates of pay, hours, or other terms or conditions of employment. "Labor organization" includes employee representation committees, groups, or associations in which employees participate.

"Lactation" means a condition that may result in the feeding of a child directly from the breast or the expressing of milk from the breast.

B. It is an unlawful discriminatory practice for:

1. An employer to:

a. Fail or refuse to hire, discharge, or otherwise discriminate against any individual with respect to such individual's compensation, terms, conditions, or privileges of employment because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or national origin; or

b. Limit, segregate, or classify employees or applicants for employment in any way that would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect an individual's status as an employee, because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions including lactation, age, military status, disability, or national origin.

2. An employment agency to:

a. Fail or refuse to refer for employment, or otherwise discriminate against, any individual because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin; or

b. Classify or refer for employment any individual on the basis of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin.

3. A labor organization to:

a. Exclude or expel from its membership, or otherwise discriminate against, any individual because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin;

Case 6:23-cv-00032-NKM   Document 1-1   Filed 06/07/23   Page 6 of 20   Pageid#: 28

b. Limit, segregate, or classify its membership or applicants for membership, or classify or fail to or refuse to refer for employment any individual, in any way that would deprive or tend to deprive such individual of employment opportunities, or would limit such employment opportunities or otherwise adversely affect an individual's status as an employee or as an applicant for employment because of such individual's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin; or

c. Cause or attempt to cause an employer to discriminate against an individual in violation of subdivisions a or b.

4. An employer, labor organization, or joint apprenticeship committee to discriminate against any individual in any program to provide apprenticeship or other training program on the basis of such individual's race, color, religion, sex, sexual orientation, gender identity, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin.

5. An employer, in connection with the selection or referral of applicants or candidates for employment or promotion, to adjust the scores of, use different cutoff scores for, or otherwise alter the results of employment-related tests on the basis of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin.

6. Except as otherwise provided in this chapter, an employer to use race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin as a motivating factor for any employment practice, even though other factors also motivate the practice.

7. (i) An employer to discriminate against any employees or applicants for employment, (ii) an employment agency or a joint apprenticeship committee controlling an apprenticeship or other training program to discriminate against any individual, or (iii) labor organization to discriminate against any member thereof or applicant for membership because such individual has opposed any practice made an unlawful discriminatory practice by this chapter or because such individual has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

8. An employer, labor organization, employment agency, or joint apprenticeship committee controlling an apprenticeship or other training program to print or publish, or cause to be printed or published, any notice or advertisement relating to (i) employment by such an employer, (ii) membership in or any classification or referral for employment by such a labor organization, (iii) any classification or referral for employment by such an employment agency, or (iv) admission to, or employment in, any program established to provide apprenticeship or other training by such a joint apprenticeship committee that indicates any preference, limitation, specification, or discrimination based on race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin, except that such a notice or advertisement may indicate a preference, limitation, specification, or discrimination based on religion, sex, age, or national origin when religion, sex, age, or national origin is a bona fide occupational qualification for employment.

C. Notwithstanding any other provision of this chapter, it is not an unlawful discriminatory practice:

1. For (i) an employer to hire and employ employees; (ii) an employment agency to classify, or refer for employment, any individual; (iii) a labor organization to classify its membership or to classify or refer for employment any individual; or (iv) an employer, labor organization, or joint apprenticeship committee to admit or employ any individual in any apprenticeship or other training program on the basis of such individual's religion, sex, or age in those certain instances where religion, sex, or age is a bona fide occupational qualification reasonably necessary to the normal operation of that particular employer, employment agency, labor organization, or joint apprenticeship committee;

2. For an elementary or secondary school or institution of higher education to hire and employ employees of a particular religion such elementary or secondary school or institution of higher education is, in whole or in substantial part, owned, supported, controlled, or managed by a particular religion or by a particular religious corporation, association, or society or if the curriculum of such elementary or secondary school or institution of higher education is directed toward the propagation of a particular religion;

3. For an employer to apply different standards of compensation, or different terms, conditions, or privileges of employment, pursuant to a bona fide seniority or merit system, or a system that measures earnings by quantity or quality of production, or to employees who work in different locations, provided that such differences are not the result of an intention to discriminate because of race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin;

4. For an employer to give and to act upon the results of any professionally developed ability test, provided that such test, its administration, or an action upon the results is not designed, intended, or used to discriminate because of race, color, religion,

sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin;

5. For an employer to provide reasonable accommodations related to disability, pregnancy, childbirth or related medical conditions, and lactation, when such accommodations are requested by the employee; or

6. For an employer to condition employment or premises access based upon citizenship where the employer is subject to any requirement imposed in the interest of the national security of the United States under any security program in effect pursuant to or administered under any statute or regulation of the federal government or any executive order of the President of the United States.

D. Nothing in this chapter shall be construed to require any employer, employment agency, labor organization, or joint apprenticeship committee to grant preferential treatment to any individual or to any group because of such individual's or group's race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin on account of an imbalance that may exist with respect to the total number or percentage of persons of any race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin employed by any employer, referred or classified for employment by any employment agency or labor organization, admitted to membership or classified by any labor organization, or admitted to or employed in any apprenticeship or other training program, in comparison with the total number or percentage of persons of such race, color, religion, sex, sexual orientation, gender identity, marital status, pregnancy, childbirth or related medical conditions, age, military status, disability, or national origin in any community.

E. The provisions of this section shall not apply to the employment of individuals of a particular religion by a religious corporation, association, educational institution, or society to perform work associated with its activities.

2020, c. 1140; 2021, Sp. Sess. I, cc. 12, 477, 478, 506, 513.

## § 2.2-3905.1. Reasonable accommodations for persons with disabilities; unlawful discriminatory practice; notice of rights.

A. As used in this section:

"Employer" means any person, or agent of such person, employing more than five employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

"Person with a disability" means the term as defined in § 51.5-40.1.

"Physical impairment" means the term as defined in § 51.5-40.1.

"Mental impairment" means the term as defined in § 51.5-40.1.

"Otherwise qualified person with a disability" means the term as defined in subsection A of § 51.5-41.

B. It shall be an unlawful discriminatory practice for an employer to:

1. Refuse to make reasonable accommodation to the known physical and mental impairments of an otherwise qualified person with a disability, if necessary to assist such person in performing a particular job, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer. In determining whether an accommodation would constitute an undue hardship upon the employer, the following shall be considered:

a. Hardship on the conduct of the employer's business, considering the nature of the employer's operation, including composition and structure of the employer's workforce;

b. Size of the facility where employment occurs;

c. The nature and cost of the accommodations needed, taking into account alternative sources of funding or technical assistance included under § 51.5-173;

d. The possibility that the same accommodations may be used by other prospective employees; and

e. Safety and health considerations of the person with a disability, other employees, and the public.

2. Take adverse action against an employee who requests or uses a reasonable accommodation pursuant to this section.

3. Deny employment or promotion opportunities to an otherwise qualified applicant or employee because such employer will be required to make reasonable accommodation for a person with a disability.

4. Require an employee to take leave if another reasonable accommodation can be provided to the known limitations related to th disability.

5. Fail to engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided.

C. An employer shall post in a conspicuous location and include in any employee handbook information concerning an employee' rights to reasonable accommodation for disabilities. Such information shall also be directly provided to (i) new employees upon commencement of their employment and (ii) any employee within 10 days of such employee's providing notice to the employer that such employee has a disability.

2021, Sp. Sess. I, c. 12.

## § 2.2-3906. Civil action by Attorney General.

A. Whenever the Attorney General has reasonable cause to believe that any person or group of persons is engaged in a pattern or practice of resistance to the full enjoyment of any of the rights granted by this chapter, or that any person or group of persons has been denied any of the rights granted by this chapter and such denial raises an issue of general public importance, the Attorney General may commence a civil action in the appropriate circuit court for appropriate relief.

B. In such civil action, the court may:

1. Award such preventive relief, including a permanent or temporary injunction, restraining order, or other order against the person responsible for a violation of this chapter, as is necessary to assure the full enjoyment of the rights granted by this chapter

2. Assess a civil penalty against the respondent (i) in an amount not exceeding $50,000 for a first violation and (ii) in an amount not exceeding $100,000 for any subsequent violation. Such civil penalties are payable to the Literary Fund.

3. Award a prevailing plaintiff reasonable attorney fees and costs.

C. The court or jury may award such other relief to the aggrieved person as the court deems appropriate, including compensatory damages and punitive damages.

D. Upon timely application, any person may intervene in a civil action commenced by the Attorney General under subsection A that involves an alleged discriminatory practice pursuant to this chapter with respect to which such person is an aggrieved person The court may grant such appropriate relief to any such intervening party as is authorized to be granted to a plaintiff in a civil action under § 2.2-3908.

2020, c. 1140.

## § 2.2-3907. Procedures for a charge of unlawful discrimination; notice; investigation; report; conciliation; notice of the right to file a civil action; temporary relief.

A. Any person claiming to be aggrieved by an unlawful discriminatory practice may file a complaint in writing under oath or affirmation with the Office of Civil Rights of the Department of Law (the Office ). The Office itself or the Attorney General may in like manner file such a complaint. The complaint shall be in such detail as to substantially apprise any party properly concerned a to the time, place, and facts surrounding the alleged unlawful discrimination.

B. Upon perfection of a complaint filed pursuant to subsection A, the Office shall timely serve a charge on the respondent and provide all parties with a notice informing the parties of the complainant's rights, including the right to commence a civil action, and the dates within which the complainant may exercise such rights. In the notice, the Office shall notify the complainant that the charge of unlawful discrimination will be dismissed with prejudice and with no right to further proceed if a written complaint is not timely filed with the appropriate general district or circuit court.

C. The complainant and respondent may agree to voluntarily submit the charge to mediation without waiving any rights that are otherwise available to either party pursuant to this chapter and without incurring any obligation to accept the result of the mediation process. Nothing occurring in mediation shall be disclosed by the Office or admissible in evidence in any subsequent proceeding unless the complainant and the respondent agree in writing that such disclosure be made.

D. Once a charge has been issued, the Office shall conduct an investigation sufficient to determine whether there is reasonable cause to believe the alleged discrimination occurred. Such charge shall be the subject of a report made by the Office. The report shall be a confidential document subject to review by the Attorney General, authorized Office employees, and the parties. The review shall state whether there is reasonable cause to believe the alleged unlawful discrimination has been committed.

E. If the report on a charge of discrimination concludes that there is no reasonable cause to believe the alleged unlawful discrimination has been committed, the charge shall be dismissed and the complainant shall be given notice of his right to commence a civil action.

F. If the report on a charge of discrimination concludes that there is reasonable cause to believe the alleged unlawful discrimination has been committed, the complainant and respondent shall be notified of such determination and the Office shall immediately endeavor to eliminate any alleged unlawful discriminatory practice by informal methods such as conference, conciliation, and persuasion. When the Office determines that further endeavor to settle a complaint by conference, conciliation, and persuasion is unworkable and should be bypassed, the Office shall issue a notice that the case has been closed and the complainant shall be given notice of his right to commence a civil action.

G. At any time after a notice of charge of discrimination is issued, the Office or complainant may petition the appropriate court for temporary relief, pending final determination of the proceedings under this section, including an order or judgment restraining the respondent from doing or causing any act that would render ineffectual an order that a court may enter with respect to the complainant. Whether it is brought by the Office or by the complainant, the petition shall contain a certification by the Office that the particular matter presents exceptional circumstances in which irreparable injury will result from unlawful discrimination in the absence of temporary relief.

H. Upon receipt of a written request from the complainant, the Office shall promptly issue a notice of the right to file a civil action to the complainant after (i) 180 days have passed from the date the complaint was filed or (ii) the Office determines that it will be unable to complete its investigation within 180 days from the date the complaint was filed.

2020, c. 1140; 2021, Sp. Sess. I, c. 196.

## § 2.2-3908. Civil actions by private parties.

A. An aggrieved person who has been provided a notice of his right to file a civil action pursuant to § 2.2-3907 may commence a timely civil action in an appropriate general district or circuit court having jurisdiction over the person who allegedly unlawfully discriminated against such person in violation of this chapter.

B. If the court or jury finds that unlawful discrimination has occurred, the court or jury may award to the plaintiff, as the prevailing party, compensatory and punitive damages and the court may award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, or other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may be appropriate.

C. Upon timely application, the Attorney General may intervene in such civil action if the Attorney General certifies that the case is of general public importance. Upon intervention, the Attorney General may obtain such relief as would be available to a private party under subsection B.

2020, c. 1140.

## § 2.2-3909. Causes of action for failure to provide reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions.

A. As used in this section:

"Employer" means any person, or agent of such person, employing five or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year.

"Lactation" means lactation as defined in § 2.2-3905.

"Reasonable accommodation" includes more frequent or longer bathroom breaks, breaks to express breast milk, access to a private location other than a bathroom for the expression of breast milk, acquisition or modification of equipment or access to or modification of employee seating, a temporary transfer to a less strenuous or hazardous position, assistance with manual labor, job restructuring, a modified work schedule, light duty assignments, and leave to recover from childbirth.

"Related medical conditions" includes lactation.

B. No employer shall:

1. Refuse to make reasonable accommodation to the known limitations of a person related to pregnancy, childbirth, or related medical conditions, unless the employer can demonstrate that the accommodation would impose an undue hardship on the employer.

a. In determining whether an accommodation would constitute an undue hardship on the employer, the following shall be considered:

(1) Hardship on the conduct of the employer's business, considering the nature of the employer's operation, including compositio and structure of the employer's workforce;

(2) The size of the facility where employment occurs; and

(3) The nature and cost of the accommodations needed.

b. The fact that the employer provides or would be required to provide a similar accommodation to other classes of employees shall create a rebuttable presumption that the accommodation does not impose an undue hardship on the employer.

2. Take adverse action against an employee who requests or uses a reasonable accommodation pursuant to this section. As used in this subdivision, "adverse action" includes failure to reinstate any such employee to her previous position or an equivalent position with equivalent pay, seniority, and other benefits when her need for a reasonable accommodation ceases.

3. Deny employment or promotion opportunities to an otherwise qualified applicant or employee because such employer will be required to make reasonable accommodation to the known limitations of such applicant or employee related to pregnancy, childbirth, or related medical conditions.

4. Require an employee to take leave if another reasonable accommodation can be provided to the known limitations related to th pregnancy, childbirth, or related medical conditions of such employee.

C. Each employer shall engage in a timely, good faith interactive process with an employee who has requested an accommodation pursuant to this section to determine if the requested accommodation is reasonable and, if such accommodation is determined not to be reasonable, discuss alternative accommodations that may be provided.

D. An employer shall post in a conspicuous location and include in any employee handbook information concerning an employee' rights to reasonable accommodation for known limitations related to pregnancy, childbirth, or related medical conditions. Such information shall also be directly provided to (i) new employees upon commencement of their employment and (ii) any employee within 10 days of such employee's providing notice to the employer that she is pregnant.

E. An employee or applicant who has been denied any of the rights afforded under subsection B may bring an action in a general district or circuit court having jurisdiction over the employer that allegedly denied such rights. Any such action shall be brought within two years from the date of the unlawful denial of rights, or, if the employee or applicant has filed a complaint with the Office of Civil Rights of the Department of Law or a local human rights or human relations agency or commission within two year of the unlawful denial of rights, such action shall be brought within 90 days from the date that the Office or a local human rights or human relations agency or commission has rendered a final disposition on the complaint.

If the court or jury finds that an unlawful denial of rights afforded under subsection B has occurred, the court or jury may award t the plaintiff, as the prevailing party, compensatory damages, back pay, and other equitable relief. The court may also award reasonable attorney fees and costs and may grant as relief any permanent or temporary injunction, temporary restraining order, c other order, including an order enjoining the defendant from engaging in such practice, or order such affirmative action as may b appropriate.

F. The provisions of this section regarding the provision of reasonable accommodation for known limitations related to pregnanc childbirth, and related medical conditions shall not be construed to affect any other provision of law relating to discrimination or the basis of sex or pregnancy.

2020, cc. 1138, 1139, 2.2-3904; 2021, Sp. Sess. I, c. 196.

11/10/202

📰 Virginia Law Library

The Code of Virginia, Constitution of Virginia, Charters, Authorities, Compacts and Uncodified Acts are now available in both EPub and MOBI eBook formats. ➡

❓ Helpful Resources
Virginia Code Commission
Virginia Register of Regulations
U.S. Constitution

🔧 For Developers
The Virginia Law website data is available via a web service. ➡

🐦 Follow us on Twitter

## Virginia Administrative Code

Title 1. Administration • Agency 45. Department of Law • Chapter 20. Division of Human Rights

### 1 VAC 45-20-10. Policy.

The purpose of this chapter is to supplement the Virginia Human Rights Act (§ 2.2-3900 et seq.) of the Code of Virginia, which safeguards all individuals within the Commonwealth from unlawful discrimination.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-10 derived from VR402-01-02 § 1, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

### 1 VAC 45-20-20. Definitions.

The following words and terms when used in this chapter shall have the following meanings unless the context clearly indicates otherwise:

"Act" means the Virginia Human Rights Act, Chapter 39 (§ 2.2-3900 et seq.) of Title 2.2 of the Code of Virginia.

"Complaint" means a written statement by a person or by the division alleging an act of discrimination prohibited by § 2.2-3901 of the Code of Virginia.

"Complainant" or "charging party" means a person who claims to have been injured by a discriminatory practice.

"Designee" means an individual designated by the director to act in his stead pursuant to this chapter.

"Director" means an individual designated by the Attorney General to oversee the division and perform the duties and responsibilities outlined in the Act.

"Discharge" means an actual or constructive termination or separation of an employee from employment.

"Division" means the Division of Human Rights of the Department of Law.

"Hearing officer" means a person qualified from the list of hearing officers maintained by the Executive Secretary of the Supreme Court of Virginia.

"Respondent" means a person against whom a complaint of violation of the Act is filed. In addition those terms and any other referring to people will be considered masculine or feminine.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-20 derived from VR402-01-02 § 2, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

## 1 VAC 45-20-30.  Complaints by or on behalf of persons claiming to be aggrieved.

A. A complaint on behalf of a person claiming to be aggrieved may be made by any person, agency, or organization; however, the complaint shall be made in writing. The written complaint need not identify by name the person on whose behalf it is made. The person making the complaint, however, shall provide the Division with the name, address, and telephone number of the person on whose behalf the complaint is made. During the Division's investigation, the Director shall verify the complaint with the person on whose behalf the complaint is made. The division may reveal the identity of complainants to federal, state, or local agencies that have agreed to keep such information confidential.

B. The complainant shall provide the division with notice of any change in address and with notice of any prolonged absence from his current address.

C. A complaint shall be filed with the division not later than 180 days from the day upon which the alleged discriminatory practice occurred.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-30 derived from VR402-01-02 § 3, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-40.  Where to make a complaint.

A complaint may be filed in person at or by mail to 202 North 9th Street, Richmond, VA 23219 between the hours of 9 a.m. and 5 p.m., Monday through Friday; by FAX to (804) 225-3294; or by email to human_rights@oag.state.va.us. Telephone calls may be made to (804) 225-2292 in order to receive information on how and where to file complaints. Complaints shall not be accepted over the telephone.

*Statutory Authority*: § 2.2-520of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-40 derived from VR402-01-02 § 4, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-50.  Contents of complaint.

A. Each complaint shall contain the following:

1.  The full name, address, and telephone number of the person making the complaint;
2.  The full name and address of the person against whom the complaint is made;
3.  A clear concise statement of the facts, including pertinent dates, constituting the alleged unlawful discriminatory practices;
4.  The date of filing and the name of the agency in cases where complaints alleging unlawful discriminatory practices have been filed before a local, state, or federal agency charged with the enforcement of discrimination laws; and
5.  Any documentation the complainant believes will support the claim.

B. Notwithstanding the provisions of subsection A of this section, a complaint shall be considered filed when the division receives a written statement that identifies the parties and describes generally the action or practices complained of.

C. A complaint may be reasonably and fairly amended by the complainant or the director at any time prior to a hearing. Except for the purposes of notifying the respondent as specified in subsection D of this section, amended complaints will be considered as having been made as of the original filing date.

D. When an amendment is filed, the Division shall forward a copy of the amendment to the respondent within five working days of the amendment. The respondent shall within 10 working days after receiving the amendment file an answer to the amendment.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-50 derived from VR402-01-02 § 5, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-60. Filing referrals to state and federal agencies.

A. Complaints that are under the jurisdiction of another state agency are considered filed with that agency when received by the Division provided the time limit for filing with the other agency has not expired.

B. The Division has established interagency agreements with the following state agencies:

   1. Department of Professional and Occupational Regulation-Real Estate Board;
   2. Department of Labor and Industry;
   3. Department of Human Resources Management; and
   4. Department of Human Resources Management, Office of Employee Dispute Resolutions.

If the Director or his designee determines that the complaint is not within the Division's jurisdiction, but possibly in the jurisdiction of one of the interagency agreement agencies, the complaint shall be sent to the appropriate agency within 15 working days of the determination. The complainant shall be notified of this action and a reason provided. Once the complaint has been forwarded and the complainant notified, the Division shall close the case. In the event the complaint is not under the jurisdiction of the agency to which it was referred or if additional evidence is submitted the case will be reopened.

C. Persons filing under Title VII of the Civil Rights Act of 1964, as amended, or the Fair Labor Standards Act shall be notified within 15 days that they should also file with the appropriate federal agency within the appropriate time period if the statute of limitations has not already expired.

D. All complaints shall be dated and time-stamped upon receipt.

*Statutory Authority*:  § 2.2-520of the Code of Virginia.
*Historical Notes*:  Former 22VAC25-10-60 derived from VR402-01-02 § 6, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017; Errata, 33:18 VA.R 2029 May 1, 2017.

## 1 VAC 45-20-70.  Notice of complaint.

Within 15 days after the perfecting of a complaint, the director shall notify the respondent of the complaint by mail.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-70 derived from VR402-01-02 § 7, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-80.  Investigations by the director or his designee.

A. During the investigation of a complaint, the Director may utilize the information gathered by government agencies.  The Director shall accept a statement of position or evidence submitted by the complainant, the person making the complaint on behalf of complainant, or the respondent.  The Director may submit a request for information to the respondent that, in addition to specific questions, may request a response to the allegations contained in the complaint.  The Director's or his designee's request for information shall be mailed within 30 working days of receipt of the complaint.  A response to the request for information shall be submitted within 21 working days from the date the request is postmarked.

B. The complainant and respondent shall provide such additional information deemed necessary by the Director or his designee to conduct an investigation.

C. The Director may require a fact-finding conference held in accordance with § 2.2-4019 of the Code of Virginia with the parties prior to a determination of a complaint of discrimination.  The conference is an investigative forum intended to define the issues, to determine the elements in dispute, and to ascertain whether there is a basis for a negotiated settlement of the complaint.

D. The Director's or his designee's authority to investigate a complaint is not limited to the procedures outlined in subsections A, B, and C of this section.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*:  Former 22VAC25-10-80 derived from VR402-01-02 § 8, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-90.  Dismissal; procedure and authority.

A. When the Director determines that the complaint (i) is not timely filed or (ii) fails to state a claim under the Act, the Director shall dismiss the complaint.

B. When the Director determines after investigation that there is not reasonable cause to believe that the Act has been violated, the Director shall dismiss the complaint. If the complainant disagrees with the Director's decision, the Division can be petitioned within 10 working days for a review of the decision.

C. Upon receiving a petition for review, the Division shall determine whether to:

1. Issue a final determination to the parties in accordance with § 2.2-4023 of the Code of Virginia;
2. Refer the matter to the appropriate federal agency when applicable; or
3. Hold a formal hearing in accordance with 1 VAC4 5-20-110.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-90 derived from VR402-01-02 § 9, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

## 1 VAC 45-20-100.  Settlement.

A. When the Director determines that there is reasonable cause to believe that an unlawful discriminatory practice has occurred or is occurring, the Director shall endeavor to eliminate such practice by informal methods of conference, conciliation, and negotiation.

B. When conciliation or negotiated settlement is successful, the terms of the agreement shall be reduced to writing and signed by the complainant, respondent, and the Director within 10 working days of the settlement.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-100 derived from VR402-01-02 § 10, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.

## 1 VAC 45-20-110.  Formal hearing.

A. When conciliation efforts fail or when the Director determines that the conciliation process will not be in the best interest of the complainant or the Commonwealth, the director shall set the matter for formal hearing conducted in accordance with § 2.2-4020 of the Code of Virginia or refer the complaint to the appropriate federal agency.

B. Notice of the time and place of the hearing shall be mailed to the parties at least 20 working days before the date of the hearing.

C. All hearings shall be open to the public.

D. A case shall be heard by a hearing officer appointed by the Division from a list obtained from the Supreme Court of Virginia.

E. The hearing officer shall not be bound by statutory rules of evidence or technical rules of procedure.

F. Both the complainant and the respondent shall appear and be heard in person, but may be assisted by counsel or by an authorized representative.

G. All testimony shall be given under oath or affirmation.

H. The order of presentation shall be established by the hearing officer with the burden of proof being placed on the complainant.

I. Where any party fails to appear at a fact-finding conference or hearing conducted pursuant to this chapter, the division shall proceed in accordance with the provisions of § 2.2-4020.2 of the Code of Virginia.

J. Irrelevant, immaterial, and unduly repetitious evidence shall, at the discretion of the hearing officer, be excluded. The rules of privilege shall be given effect.

K. The hearing officer may accept relevant documents or other evidence into the record as exhibits. Documents to be submitted at the hearing by a party shall be distributed to the division and the other party no later than five working days prior to the hearing. Documents not submitted in accordance with this rule shall only be admitted when the hearing officer determines that just cause exists.

L. Before the hearing concludes, the parties shall be given an opportunity to present an oral closing argument of their cases and proposed findings and conclusions in accordance with the provisions of § 2.2-4020 of the Code of Virginia.

M. The hearing shall be recorded by an official reporter and one transcript shall be purchased by the Division. After the division has received the transcript, the Division's copy shall be made available for review within five (5) working days upon request to the division during regular business hours.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*:  Former 22VAC25-10-110 derived from VR402-01-02 § 11, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-120.  Findings and recommendations.

A. The hearing officer shall submit a recommended decision with findings of fact and conclusions of law in writing to the Division. The recommended decision of the hearing officer shall be filed with the Division within 90 days of the date of completion of the hearing.

B. If the Director accepts the hearing officer's findings that the respondent has not engaged in a discriminatory practice, the Division shall issue an order dismissing the complaint. A copy of the order shall be furnished to the complainant and the respondent.

C. If the Division accepts the hearing officer's findings that the respondent has committed an unlawful discriminatory practice, the Division shall state its findings and may issue recommendations to the respondent to eliminate the discriminatory practice, including:

1. Hiring, reinstating, promoting, or upgrading the position of the complainant, with or without back pay, and providing such fringe benefits as the complainant has been denied;
2. Restoring or admitting the complainant to membership in a labor organization, a training program, a guidance program, or other occupational training program, using the objective criteria for admission of persons to such programs;
3. Leasing, renting, or selling property at issue to the complainant;

4. Extending to the complainant the full and equal enjoyment of the goods, services, facilities, privileges, or accommodations of the respondent;
5. Admitting the complainant to a public accommodation or an educational institution;
6. Reporting as to the manner of compliance;
7. Posting notices in a conspicuous place setting forth requirements for compliance with this chapter or other information that the division deems necessary to explain the Act;
8. Revising personnel policies and procedures, including the undertaking of affirmative efforts; and
9. Reimbursing attorney's fees to complainant.

D. If the Division rejects the hearing officer's recommended decision, the Division shall state its own finding of facts and/or conclusions of law based on the record.

E. Copies of the Division's final decision, including where applicable, any recommendations, shall be furnished to the complainant and respondent within 15 working days.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-120 derived from VR402-01-02 § 12, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.


## 1 VAC 45-20-130. General.

A. If the Division fails to act by dates specified in this chapter, neither the rights of the complainant nor the respondent shall be prejudiced.

B. If the complainant or the respondent fails to comply with the provisions stated in this chapter, except where good cause is shown, the failure may be deemed a waiver of any rights provided in this chapter.

C. After the initial filing, all correspondence relative to the case shall be by certified mail, hand delivered, or by a carrier that will furnish a receipt.

*Statutory Authority*: § 2.2-520 of the Code of Virginia.
*Historical Notes*: Former 22VAC25-10-130 derived from VR402-01-02 § 13, eff. July 4, 1990; amended and renumbered, Virginia Register Volume 33, Issue 15, eff. May 5, 2017.