**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF VIRGINIA**
Lynchburg Division

**MARY LYNN SHUMATE,**

    Plaintiff,

v.                                                                                    Case No. 6:23-cv-32

**CITY OF LYNCHBURG,**

**GREGORY WORMSER, FIRE CHIEF,**
*In his Official Capacity,*

**WYNTER BENDA, CITY MANAGER**
*In his Official Capacity,*

    **Defendants.**

**PLAINTIFF'S BRIEF IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**

COMES NOW Plaintiff Mary Lynn Shumate, by counsel, and presents this Brief in Opposition to Defendants' Motion to Dismiss. For the reasons stated below, this Court must deny Defendants' Motion and allow this matter to proceed. This matter arises out of a former employment relationship between the parties. In her filed Complaint, Plaintiff claims two violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, (Counts I and II) and a violation of a state law whistleblower statute (Count III), the Virginia Fraud and Abuse Whistle Blower Protection Act, Code § 2.2-3009 *et seq.*, Plaintiff respectfully provides the following in support of her case:

**A. Standard of Review**

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, *see Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008), and should be denied unless it appears that plaintiff can prove no set of facts in support of her claims which would entitle her to relief. *De Sole v.*

*United States*, 947 F.2d 1169, 1177 (4th Cir. 1991). A court reviewing a complaint on a 12(b)(6) motion must assume the veracity of well-plead allegations and must construe factual allegations in favor of the plaintiff. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994); *see Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

A court must also mind the liberal pleading standards under Rule 8, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8. To withstand a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft*, 556 U.S. at 678 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### B. Plaintiff Exhausted Her Administrative Remedies

Plaintiff timely filed her charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about June 23, 2022. This charge has been appended to this pleading as **EXHIBIT A**. The charge details:

1. A past complaint of sex discrimination (2017) for contextual purposes only,
2. A June 2021 complaint of sex discrimination / hostile work environment,
3. An August 2021 complaint of sex discrimination / hostile work environment,
4. Plaintiff's May 17, 2022, transfer to Medic Unit 7,
5. Retaliatory manipulation of Plaintiff's schedule; and
6. Wrongful demotion.

The following allegation in the Complaint regards an event that occurred after the filing of Plaintiff's EEOC charge:

112. On January 3, 2023, Plaintiff was forced to resign, having been constructively discharged "because [she] encountered numerous setbacks to [her] career that were out of [her] control." She noted that "[t]he environment has not changed and it will not seemingly change."

It is clear from both the EEOC charge and the Complaint that Plaintiff engaged in multiple protected activities while at the workplace all prior to her discharge on January 3, 2023. Count II of her complaint alleges a claim of Title VII retaliation. Paragraph 112 alleges that Plaintiff suffered a constructive discharge due to ongoing hostility, retaliation, and an inability to change her environment.

Plaintiff may raise this retaliation claim for the first time in federal court. *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir. 1992). As the *Nealon* court opined, "the scope of a Title VII lawsuit may extend to 'any kind of discrimination like or related to allegations contained in the charge and growing out of such allegations during the pendency of the case before the Commission.'" *Hill v. Western Electric Co.*, 672 F.2d 381, 390 n.6 (4th Cir.) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970)), [**15] *cert. denied*, 459 U.S. 981 (1982); *see also EEOC v. General Electric Co.*, 532 F.2d 359, 373 (4th Cir. 1976). As discussed below, Plaintiff received her Notice of Rights from the Department of Justice ("DOJ") on June 23, 2023. Thus, her EEOC charge was pending when the last allegation of retaliation occurred. For these reasons, Plaintiff exhausted all required administrative remedies and may proceed in this Court.

C. **Plaintiff Has Received Her Notice of Rights from the DOJ**

This lawsuit was never served upon Defendants. Plaintiff intended to receive her Notice of Rights from the DOJ and serve the matter upon Defendants. Defendants discovered the lawsuit and filed responses prior to the initiation of service. Plaintiff received her Notice of Rights from

the Department of Justice ("DOJ") on June 23, 2023, prior to Defendants filing a Motion to Dismiss in this matter. *See* DOJ Notice of Rights, appended to this matter and made a part hereof as **EXHIBIT B**. This Court has jurisdiction to proceed with Plaintiff's Title VII claims due to Plaintiff's receipt of her Notice of Rights from the DOJ.[1]

### D. Virginia Fraud and Abuse Whistle Blower Protection Act

#### 1. Defendants Wormser and Benda are Appropriate Defendants

The Virginia Fraud and Abuse Whistle Blower Act, ("F&A Act") Virginia Code §§ 2.2-3009 *et seq.*, provides, "It shall be the policy of the Commonwealth that citizens of the Commonwealth and employees of governmental agencies be freely able to report instances of wrongdoing or abuse committed by governmental agencies or independent contractors of governmental agencies." The F&A Act uses a definition of "employer" that is unlike the definition used by federal statutes or even other Virginia statutes.

Pursuant to the F&A Act, Plaintiff's "employer" was "a **person** supervising one or more employees, including the employee filing a good faith report, a superior of that supervisor, or an agent of the governmental agency." (emphasis added). Plaintiff agrees that the City of Lynchburg does not fit this definition. Defendants Gregory Wormser and Wynter Benda do fit this definition of the F&A Abuse Act. The City of Lynchburg is the appropriate Defendant for Plaintiff's Title VII claims and Defendants Wormser and Benda are the appropriate Defendants for Plaintiff's F&A Act claim.

The F&A Act contemplates the agent-principal relationship discussed by Defendants and this action comports with the requirements of the statute. The Virginia General Assembly

---

[1] Plaintiff received a Notice of Rights from the Virginia Office of Attorney General on March 10, 2023. Plaintiff is not advancing state law discrimination claims.

contemplated that a municipal worker like Plaintiff may wish to advance claims of misconduct through her chain of command. As per the statute's policy, the General Assembly desired to create a protected forum with rights of redress for public workers to advance claims of misconduct. The definition of "employer" references "governmental agency."

The F&A Act defines "governmental agency" as "(i) any agency, institution, board, bureau, commission, council, or instrumentality of state government in the executive branch listed in the appropriation act and any independent agency; (ii) **any county, city, or town or local or regional governmental authority**; and (iii) any local school division as defined in § 22.1-280.2:2." (emphasis added). The City of Lynchburg falls within the definition of "governmental agency," but not the definition of "employer." In fact, no Virginia city, town, county, or school board falls within the F&A Act's definition of "employer." Yet the Act purports to offer relief for employees of those agencies. As the Act provides, only a "person" may fill the role of "employer." While the legal effect of naming the "employer" in their official capacity is ultimately irrelevant to the issue at hand, the Virginia General Assembly clearly contemplated that a plaintiff such as Ms. Shumate may advance claims of misconduct against her "employers."

The Act provides that when an aggrieved municipal worker seeks redress, she may "bring a civil action for violation of this section in the circuit court of the jurisdiction where the whistle blower is employed. In a proceeding commenced against any *employer* under this section . . ." Virginia Code § 2.2-3011(D). The F&A Act was intended to be used by a litigant against an "employer" and the Act clearly highlights that a "person" must fill this role. Regardless of Ms. Benda's involvement within the underlying allegations of this matter, she remains one of the "employers" of the "governmental agency" at which Plaintiff worked and complained of misconduct as a "whistleblower". Further, she is an "agent of the governmental agency", pursuant

to Act's definition of "employer." The F&A Act asks a litigant to identify the litigant's "supervisor" or "superior of that supervisor" as the "employer" in any "civil action for a violation of this section." *Id.* The instant matter follows the requirements of advancing a retaliation claim pursuant to the F&A Act.

## 2. Plaintiff Has Pled a Cause of Action pursuant to the Act

### i. Protected Activities

Plaintiff has pled a *prima facie* case pursuant to the F&A Act. This Court weighed an F&A Act claim in *Supinger v. Virginia*, 167 F. Supp. 3d 795, 819 (W.D. Va. 2016). After engaging in a series of protected activities, Plaintiff was demoted, experienced multiple retaliatory events that hampered her career and capacity for promotion and claims a constructive discharge. To be a whistleblower under the statute, the employee must report on "wrongdoing or abuse." Virginia Code § 2.2-3010. Wrongdoing is defined as "a violation, which is not of a merely technical or minimal nature, of a federal or state law or regulation or a formally adopted code of conduct or ethics of a professional organization designed to protect the interests of the public or employee." *Id.* Abuse is defined as "an employer's or employee's conduct or omissions that result in a substantial misuse, destruction, waste, or loss of funds or resources belonging to or derived from federal, state, or local government sources." *Id.*

In *Supinger,* the plaintiff telephoned a corporate reporting hotline to provide information of perceived slights at the workplace. That plaintiff complained of an employee (1) possessing a weapon on employer property; (2) an employee accepting a gift from a co-worker against policy; and (3) blaming an employee for being "disruptive" at the workplace. *Id.* None of these complaints rose to the level required of a protected activity under the F&A Act.

The Plaintiff in the instant matter complained of:

1. "hostility toward women" (¶21),

2. "a hostile work environment based in part on her gender" (¶28),

3. being "treated less favorably than her male counter parts" (¶29),

4. "retaliation" for prior complaints of sex/gender discrimination (¶43), and

5. receiving an unlawful "demotion" under circumstances "that she believed that if she had been a male officer, she never would been written up or demoted" (¶103).

Plaintiff also issued a "formal complaint of sex/gender discrimination" to City management (¶39) - - which the Defendants "acknowledged receipt" of a "complaint of gender discrimination" (¶41). All of these allegations support violations which are "not of a merely technical or minimal nature, of a _**federal**_ or state law or regulation or a formally adopted code of conduct or ethics of a professional organization designed to protect the interests of the public or employee." Virginia Code § 2.2-3010 (emphasis added). As Plaintiff's complaints are rooted in claims of sex/gender discrimination and retaliation thereafter, her complaints qualify as protected acts pursuant to the F&A Act.

Plaintiff's reports and complaints qualify as protected activities pursuant to Title VII of the Civil Rights Act. As this Court noted in *Supinger*, a "'protected activity' under Title VII is narrowly defined: Title VII makes it unlawful to retaliate against an employee because the employee 'opposed any [discriminatory practice under Title VII], or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under [Title VII].'" 42 U.S.C. § 2000e-3. In other words, '[a]n employer may not retaliate against an employee for participating in an ongoing investigation or proceeding under Title VII, nor may the employer take adverse employment action against an employee for opposing discriminatory practices in  more than three years after the date the unlawful discharge, discrimination, or

retaliation occurs in theworkplace.'" *Laughlin v. Metro. Washington Airports Auth.*, 149 F.3d 253, 259 (4th Cir.1998). *Supinger* at 811-12.

### ii. Plaintiff is a "Whistle Blower"

Plaintiff satisfies the F&A Act's definition of "whistleblower". As provided in the Act:

> "Whistleblower" means an employee who witnesses or has evidence of wrongdoing or abuse and who makes or demonstrates by clear and convincing evidence that he is about to make a good faith report of, or testifies or is about to testify to, the wrongdoing or abuse to one of the employee's superiors, an agent of the employer, or an appropriate authority. "Whistleblower" includes a citizen of the Commonwealth who witnesses or has evidence of wrongdoing or abuse and who makes or demonstrates by clear and convincing evidence that he is about to make a good faith report of, or testifies or is about to testify to, the wrongdoing or abuse to an appropriate authority.

Plaintiff's protected activities at the workplace are sufficient to qualify her as a "whistleblower" under the F&A Act. Plaintiff also endorsed a sworn declaration within her charge of discrimination as an indication of her good faith in reporting the issues plaguing her working environment.

### 6. The F&A Act Requires No Administrative Exhaustion

There exist no statutory administrative remedies that Plaintiff must pursue prior to advancing a claim pursuant to the F&A Act. The Act provides that "any whistleblower may bring a civil action for violation of this section in the circuit court of the jurisdiction where the whistleblower is employed." Virginia Code § 2.2-3011(D). The Act further requires that such action be initiated no "more than three years after the date the unlawful discharge, discrimination, or retaliation occurs." Plaintiff has fulfilled the statutory requirements of the F&A Act.

The F&A Act highlights grievance procedures as an optional avenue for F&A litigants, but it is not a required administrative remedy:

> **§ 2.2-3012. Application of state or local grievance procedure; other remedies.**
>
> A. Any whistleblower covered by the state grievance procedure (§ 2.2-3000 et seq.) or a local grievance procedure established under § 15.2-1506 **may** initiate a grievance alleging retaliation and requesting relief through that procedure.

(emphasis added). Use of the word "may" means the Virginia General Assembly contemplated an employee's possible use of available local and state grievance procedures and determined that while an employee has the right to elect such a route for their claim, it is not mandatory to proceed to court upon such a claim. Plaintiff need not grieve her claims and Defendants' assertions to the contrary are in error.

### 7. Supplemental Jurisdiction

This Court has federal question jurisdiction over Plaintiff's Title VII claims and may exercise supplemental jurisdiction over Plaintiff's F&A Act claim. Plaintiff has properly pled all of her claims before this Court. In the event this Court opines that Plaintiff has not sufficiently pled her federal claims - - subsequent to an opportunity to amend her pleadings- - Plaintiff's matter may be reduced to a single state law claim. It would then be within this Court's discretion to retain jurisdiction of this matter or remand it to further proceedings in the state court.

### 8. Sovereign Immunity

Defendants do not enjoy sovereign immunity for F&A Act claims. Analysis of the Act's definition of "employer" is found above. Defendants are properly named in this action. The F&A Act was enacted for the use of public employees against public employers in Virginia. The harm alleged within Plaintiff's Complaint fits squarely within the gambit of this Virginia retaliation statute that has been enacted for years. Plaintiff fits the definition of a "whistleblower". Defendants claim they have sovereign immunity to a law in which municipalities and the "persons"

that retaliate against whistleblowers may be sued in a state court. This was the purpose of the F&A Act.

Plaintiff advances no claim of negligence. Sovereign immunity principles are often weighed in tort and negligence law. Such an analysis is irrelevant to this case because it arises under the F&A Act. However, a federal court recently weighed sovereign immunity claims related to the employment of a firefighter in *Baka v. City of Norfolk*, Case No. 2:21-cv-419, 2022 U.S. Dist. LEXIS 43559, 2022 WL 757218, at *14-*20 (E.D. Va. Mar. 11, 2022). The *Baka* plaintiff advanced multiple counts including a count under the F&A Act. However, even the defendant city in *Baka* knew that it could not dismiss a claim pursuant to the F&A Act, and it did not try. The City of Norfolk asserted sovereign immunity to other retaliation claims, but not the F&A Act. The *Baka* court did provide a cogent analysis of sovereign immunity as it relates to a city's firefighters. For reasons set forth below, Defendants cannot shield themselves from liability of an F&A claim by claiming sovereign immunity.

This is a case against a Virginia municipality and officials of that municipality. Generally speaking, in Virginia, cities and towns enjoy a qualified sovereign immunity to tort claims, breaking along the governmental v. proprietary function test in *Hoggard v. City of Richmond*, 172 Va. 145 (1939). "Unlike counties, which share fully in the sovereign's immunity from tort, whether a municipal corporation is entitled to sovereign immunity protection depends on the type of function it exercises when liability arises." *Massenburg v. City of Petersburg*, 298 Va. 212, 218 (2019). An act is proprietary, and thus not subject to immunity, if the primary purpose of the act is for the benefit of the municipality. *City of Chesapeake v. Cunningham*, 268 Va. 624 (2004). On the other hand, an act is governmental if it is directly related to the health, safety, and welfare of the municipality. *Niese v. City of Alexandria*, 264 Va. 230, 239 (2002).

The *Baka* Court recently confronted a similar argument by the City of Norfolk in *Baka*. *Id. at* 2022 U.S. Dist. LEXIS 43559, 2022 WL 757218, at *14-*20 (E.D. Va. Mar. 11, 2022). In *Baka*, the City of Norfolk sought to dismiss counts under the amended Virginia Human Rights Act and Va. Code Ann. § 40.1-27.3. *Id*. at *13. The city's central argument was that it enjoyed sovereign immunity because it was acting to "maintain a fire department. *Id*. at *15. The *Baka* Court rejected this argument and held that the City of Norfolk's employment actions were proprietary functions. The *Baka* Court held that internal decisions of a fire or police department were too remote for the public's welfare. *Id*. at *19 (emphasis added). Indeed, demotions and the like were purely for the benefit of a fire or police force, and therefore proprietary and not immune.

### 9. Plaintiff Is Allowed to Allege Alternating Theories

Plaintiff's Title VII claims and her F&A claims do not conflict. They arise simultaneously from the same base of operative facts. Neither is an exclusive remedy. They serve to provide redress for different violations of law. Even if Plaintiff's theories of liability conflict, she is permitted to plead alternate theories of her case. *See, e.g., Zee Co. v. Williams, Mullen, Clark & Dobbins, P.C.*, 547 F. App'x 166 (4th Cir. 2013). At this stage in litigation there is no concern of Plaintiff receiving an impermissible double recovery. The parties and the Court will have ample opportunity to consider what claims and damages should be submitted to a jury after the discovery phase of this matter.

### CONCLUSION

For the reasons stated above, this Court must deny Defendants' Motion to Dismiss.

Respectfully Submitted,

MARY LYNN SHUMATE

*[signature]*

Thomas E. Strelka, Esq. (VSB # 75488)
L. Leigh Rhoads, Esq. (VSB # 73355)
Brittany M. Haddox, Esq. (VSB # 86416)
Monica L. Mroz, Esq. (VSB # 65766)
STRELKA EMPLOYMENT LAW
4227 Colonial Ave. SW
Roanoke, VA  24018
Tel:  540-283-0802
thomas@strelkalaw.com
leigh@strelkalaw.com
brittany@strelkalaw.com
monica@strelkalaw.com

*Counsel for Plaintiff*

CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of July, 2023, the foregoing was filed via the Court's electronic CM/ECF filing system which sent a Notice of Electronic Filing to:

John E. Falcone (Va. Bar #17879)
jfalcone@pldrlaw.com
Luke J. Malloy, III (VSB # 94877)
lmalloy@pldrlaw.com
PETTY, LIVINGSTON, DAWSON & RICHARDS
P.O. Box 1080
Lynchburg, VA  24505
Phone: 434-846-2768  Fax: 434-847-0141
counsel for defendants

*[signature]*
Thomas E. Strelka